IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF PENNSYLVANIA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:19-cv-00141 |
| OCEANIC PROTECTIVE SERVICES, LLC, STEPHEN R. HILL, AND VICTORIO E. CASTILLO, | § § § § § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff First National Bank of Pennsylvania, successor by merger to Yadkin Bank, files this its Original Complaint against Defendants Oceanic Protective Services, LLC, Stephen R. Hill, and Victorio E. Castillo (collectively, "Defendants") and would respectfully show the Court as follows:

## I.
## PARTIES

1. First National Bank of Pennsylvania ("FNB" or "Lender"), the successor by merger to Yadkin Bank, is a Pennsylvania financial institution with its principal place of business in Pittsburgh, Pennsylvania.

2. Oceanic Protective Services, LLC ("OPS" or "Borrower") is a limited liability company formed under the laws of the State of Texas with its principal place of business in San Antonio, Texas. Oceanic Protective Services, LLC may be

served through its registered agent, Registered Agents, Inc., at 700 Lavaca, Suite 1401 Austin, TX 78701, or wherever it may be found.

3. Stephen R. Hill is a natural person who resides in Bexar County, Texas and is domiciled in Texas. Mr. Hill may be served at 7230 Wurzbach Road, Apt. 2008, San Antonio, Texas, or wherever he may be found.

4. Victorio E. Castillo is a natural person who resides in Bexar County, Texas and is domiciled in Texas. Mr. Castillo may be served at 7230 Wurzbach Road, Apt. 2008, San Antonio, Texas, or wherever he may be found.

## II.
## JURISDICTION

5. This Court has jurisdiction over this suit under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties.

6. Plaintiff FNB is a Pennsylvania financial institution with its principal place of business in Pittsburgh, Pennsylvania. FNB is wholly owned by F.N.B. Corporation, a publicly-traded company formed under the laws of State of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania.

7. Defendant OPS is a Texas limited liability company with its principal place of business in Texas. OPS has two members, Defendants Stephen R. Hill and Victorio E. Castillo. Defendants Stephen R. Hill and Victorio E. Castillo are both Texas residents domiciled in Texas

8. The amount in controversy exceeds $75,000, excluding interest and costs.

## III.
## VENUE

9. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(1) and (2) because Defendants are residents of Texas and reside in this District and a substantial part of the events giving rise to the claim occurred in this District.

## IV.
## FACTUAL BACKGROUND

A. **NOTE I—$510,000 Note and Guarantee Agreements**

1. <u>Promissory Note</u>. On September 30, 2015, Borrower Oceanic Protective Services, LLC executed and delivered to Yadkin Bank, predecessor to FNB, a U.S. Small Business Administration Note in the original principal amount of $510,000.00 ("Note I"). A true and correct copy of Note I is attached as **Exhibit 1**.

10. <u>Note Terms</u>. Under the terms of Note I, FNB agreed to lend Borrower $510,000.00 at a variable interest rate calculated as the Prime Rate plus 2.75%, as further defined in the Note, to be adjusted on a quarterly basis. The current interest rate on Note I as of February 13, 2019 is 8.25%. Note I required Borrower to make monthly principal and interest payments of at least $5,662.05, subject to adjustment for rate increases. The last current monthly principal and interest payment was $6,212.44. Note I is for a term of 10 years with a maturity date of September 30, 2025, when all remaining principal and accrued interest is due. Note I allows Lender to charge Borrower a late charge of up to 5.00% of the unpaid portion of the regularly scheduled monthly payment.

11. <u>Loan Agreement</u>. In connection with Note I, Borrower also executed a Loan Agreement, dated September 30, 2015, setting forth certain terms and conditions of the loan. A true and correct copy of the loan agreement for Note I is attached as **Exhibit 2**.

12. <u>Guarantee Agreements</u>. On September 30, 2015, Defendant Stephen R. Hill and Victorio E. Castillo (collectively the "Guarantors") each executed a U.S. Small Business Administration Unconditional Guarantee to unconditionally guarantee full payment to Lender of all amounts owing under Note I until paid in full. (collectively the "Note I Guarantee Agreements"). The Guarantors agreed under the Note I Guarantee Agreements to be jointly and severally liable for all obligations under the Guarantee Agreements. True and correct copies of the Note I Guarantee Agreements executed by the Guarantors are attached as **Exhibits 3 and 4**.

13. On or about March 11, 2017, FNB completed its merger with Yadkin Bank, thus becoming Lender on Note I, the Loan Agreement, and the Guarantee Agreements as successor by merger to Yadkin Bank. Accordingly, FNB is the current owner and holder of Note I and the Note I Guarantee Agreements, together with any and all other documents and instruments evidencing, securing, or in any manner relating to Note I, including without limitation certain security agreement, defined below. The SBA has not purchased Note I from FNB.

## B.  NOTE II—$75,000 Note and Guarantee Agreements

2.  <u>Promissory Note</u>. On September 30, 2015, Borrower Oceanic Protective Services, LLC executed and delivered to Yadkin Bank, predecessor to FNB, a U.S. Small Business Administration Note in the original principal amount of $75,000.00 ("Note II"). A true and correct copy of Note II is attached as **Exhibit 5**.

14.  <u>Note Terms</u>. Under the terms of Note II, FNB agreed to provide Borrower with a revolving line of credit of $75,000.00 at a variable interest rate calculated as the Prime Rate plus 2.75%, as further defined in the Note, to be adjusted on a quarterly basis. The current interest rate on Note II as of February 13, 2019 is 8.25%. Note II is for a term of 7 years with a maturity date of September 30, 2022. Note II required Borrower to make 24 monthly payments of interest only on the disbursed principal balance every month. Beginning on the 25th month, the principal balance would be amortized over the remaining 60 months, with principal and interest payments due monthly until maturity. Note II allows Lender to charge Borrower a late charge of up to 4.00% of the unpaid portion of the regularly scheduled monthly payment.

15.  <u>Amounts Disbursed</u>. Under Note II, FNB disbursed $74,458.33 to Borrower. Note II has a current principal balance of $62,270.26. The last current monthly payment due on the disbursed amount under Note II was $1,313.98.

16.  <u>Loan Agreement</u>. In connection with Note II, Borrower also executed a Loan Agreement, dated September 30, 2015, setting forth certain terms and

conditions of the loan. A true and correct copy of the loan agreement for Note II is attached as **Exhibit 6**.

17. Guarantee Agreements. On September 30, 2015, Guarantors Stephen R. Hill and Victorio E. Castillo each executed a U.S. Small Business Administration Unconditional Guarantee to unconditionally guarantee full payment to Lender of all amounts owing under Note II until paid in full. (collectively the "Note II Guarantee Agreements"). The Guarantors agreed under the Note II Guarantee Agreements to be jointly and severally liable for all obligations under the Guarantee Agreements. True and correct copies of the Note II Guarantee Agreements executed by the Guarantors are attached as **Exhibits 7 and 8**.

18. On or about March 11, 2017, FNB completed its merger with Yadkin Bank, thus becoming Lender on Note II, the Loan Agreement, and the Guarantee Agreements as successor by merger to Yadkin Bank. Accordingly, FNB is the current owner and holder of Note II and the Note II Guarantee Agreements, together with any and all other documents and instruments evidencing, securing, or in any manner relating to Note II, including without limitation certain security agreement, defined below. The SBA has not purchased Note II from FNB.

**C.     Security Agreements**

19. In connection with Notes I and II, Borrower executed two Security Agreements, to secure Borrowers' obligations under Notes I and II. True and correct copies of the Security Agreements for Notes I and II are attached as **Exhibits 9 and 10**. On or about March 11, 2017, FNB completed its merger with Yadkin Bank,

thus becoming the Secured Party under the Security Agreements as successor by merger to Yadkin Bank.

**D.    Defendants Default on Notes I and II**

20.    Borrower last made the required monthly payments on both Notes I and II on or around January 30, 2018. Since this payment, Borrower has failed to make the required monthly payments on both Notes I and II when due. Borrower has thus defaulted on both Notes I and II.

21.    By reason of these defaults, by letter dated July 24, 2018, FNB notified Borrower and Guarantors of their defaults under both Notes and the Guarantee Agreements for failure to make the requirement monthly payments when due and demanded payment of the same (the "Default Notice"). The Default Notice also informed Defendants that as a result of their defaults, FNB was accelerating and declaring the entire indebtedness due and owing under both Notes within 30 days of the Default Notice. A true and correct copy of the July 24, 2018 Default Notice is attached as **Exhibit 11**.

22.    Despite demand, Defendants have and continue to fail and refuse to remedy their defaults and pay the entire outstanding indebtedness due under Notes I and II.

**E.    Amounts Due and Owing**

23.    As of February 13, 2019, under Note I, Defendants owe $437,471.21 on the principal balance, plus $35,012.87 in accrued but unpaid interest, which

continues to accrue at a rate of 8.25% or $100.25 per day, plus $1,872.00 in late charges, and $2,105.33 in SBA curtailment fees, for a total of $476,461.51.

24. As of February 13, 2019, under Note II, Defendants owe $62,270.26 on the principal balance, plus $4,983.76 in accrued but unpaid interest, which continues to accrue at a rate of 8.25% or $14.27 per day, plus $263.37 in late charges, for a total of $67,517.39.

## V.
## CAUSES OF ACTION

**A.     Count One: Breach of Contract Against Borrower OPS under Note I**

25. FNB incorporates in this section all the factual allegations made in this petition.

26. FNB and Borrower OPS entered into valid agreement for FNB to lend Borrower $510,000.00 on certain terms and conditions as evidenced by the Note I and the Loan Agreement.

27. FNB delivered the $510,000.00 to Borrower and fulfilled its other obligations regarding the loan.

28. FNB is the current owner and holder of Note I and the other loan documents.

29. Borrower breached Note I by failing to timely pay the amounts due under Note I.

30. FNB notified Borrower of its default, accelerated the principal balance, and demanded that Borrower cure such default and pay the outstanding indebtedness in full.

31. Despite demand, Borrower failed to cure the default and pay the accelerated, unpaid principal balance of Note I, plus accrued interest, which continues to accrue.

32. Borrower has thus materially breached Note I and the Loan Agreement.

33. FNB is the current owner and holder of Note I.

34. FNB has been damaged in the amounts set forth herein.

**B.** **Count Two: Breach of Contract Against Borrower OPS under Note II**

35. FNB incorporates in this section all the factual allegations made in this petition.

36. FNB and Borrower OPS entered into valid agreement for FNB to extend to Borrower a line of credit for $75,000.00 on certain terms and conditions as evidenced by the Note II and the Loan Agreement.

37. FNB delivered funds in the amount of $74,458.33 to Borrower under Note II and fulfilled its other obligations regarding the loan.

38. FNB is the current owner and holder of Note II and the other loan documents.

39. Borrower breached Note II by failing to timely pay the amounts due under Note II.

40. FNB notified Borrower of its default, accelerated the principal balance, and demanded that Borrower cure such default and pay the outstanding indebtedness in full.

41. Despite demand, Borrower failed to cure the default and pay the accelerated, unpaid principal balance of Note II, plus accrued interest, which continues to accrue.

42. Borrower has thus materially breached Note II and the Loan Agreement.

43. FNB is the current owner and holder of Note II.

44. FNB has been damaged in the amounts set forth herein.

C. **Count Three: Breach of Contract Against Guarantors Hill and Castillo**

45. FNB incorporates in this section all the factual allegations made in this petition.

46. Each of the Guarantors Hill and Castillo agreed to unconditionally guarantee to FNB full payment of all amounts owing under both Notes I and II until paid in full.

47. Under the Guarantee Agreements, the Guarantors' obligations are joint and several.

48. Borrower OPS defaulted on and is in material breach of both Notes I and II, as set forth above.

49. Guarantors are thus jointly and severally liable for all of Borrower's unmet obligations under Notes I and II.

50. Despite notice and demand, Guarantors have failed to fulfill Borrower's unmet obligations under Notes I and II.

51. FNB is the current owner and holder of the Guarantee Agreements.

52. FNB is entitled to recover, jointly and severally, from Guarantors the entire unpaid principal balance of Notes I and II, plus accrued interest and interest which continues to accrue, and other fees and expenses as allowed by the Guaranty Agreements and respective loan documents.

53. FNB has been damaged in the amounts set forth herein.

## VI.
## DAMAGES

54. As a result of Defendants' defaults, FNB has been damaged in the amount of: (1) the unpaid principal on Note I, plus accrued but unpaid interest, plus late charges and other applicable charges; (2) the unpaid principal on Note II, plus accrued but unpaid interest, plus late charges; (3) interest, which continues to accrue on all the indebtedness at the rates identified above; plus (4) all other costs and expenses, including attorney's fees, which FNB is authorized to recover under the Loan Documents and applicable law.

## VII.
## ATTORNEY'S FEES

55. By the terms of the Loan Documents, Defendants have agreed to pay all costs and expenses, including attorney's fees, incurred by FNB in the event of a default.

56. As a result of Defendants' failure to comply with the obligations under the Notes and Guarantee Agreements, FNB has employed the law firm of Clark Hill Strasburger to prosecute this action.

57. All conditions precedent to FNB's right to recover attorney's fees from Defendants have been satisfied or will be satisfied prior to the trial of this lawsuit.

58. FNB is therefore entitled to recover its reasonable attorney's fees incurred in the prosecution of this action under the agreements between the parties and any applicable law.

## VIII.
## CONDITIONS PRECEDENT

59. All conditions precedent to FNB's right to assert the claims and causes of action in this action have occurred or have been satisfied, waived, or excused.

## IX.
## PRAYER FOR RELIEF

Plaintiff First National Bank of Pennsylvania, successor by merger to Yadkin Bank, requests that Defendants Oceanic Protective Services, LLC, Stephen R. Hill, and Victorio E. Castillo be cited to appear and answer herein and that upon final hearing hereof, FNB be granted:

1. Judgment against Defendants, jointly and severally, for the amount of the outstanding balances due on Notes I and II, including interest, late charges, and other applicable charges, due to FNB;

2. Post-judgment interest as provided by law;

3. Attorney's fees and expenses;

4. Costs of suit; and

5. Such other and further relief to which FNB may be justly entitled.

Respectfully submitted,

**CLARK HILL STRASBURGER**

_____
**TATE L. HEMINGSON**
State Bar No. 24064370
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300 (Telephone)
(214) 651-4330 (Facsimile)
tate.hemingson@clarkhillstrasburger.com

**FRANK SCAGLIONE**
State Bar No. 24096184
2301 Broadway Street
San Antonio, Texas 78215
210.250.6000
210.250.6100 (Fax)
frank.scaglione@clarkhillstrasburger.com

**ATTORNEYS FOR PLAINTIFF FIRST NATIONAL BANK OF PENNSYLVANIA**