# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | § | |
|---|---|---|
| FIRST NATIONAL BANK OF PENNSYLVANIA, | § § § | |
| *Plaintiff*, | § § | |
| *v.* | § § | Civil Action No. SA-19-CV-141-XR |
| OCEANIC PROTECTIVE SERVICES, LLC, STEPHEN R. HILL, and VICTORIO E. CASTILLO, | § § § § | |
| *Defendants*. | § § § | |

## ORDER ON MOTIONS FOR DEFAULT JUDGMENT

On this date, the Court considered Plaintiff's motions for default judgment against Oceanic Protective Services, LLC (docket no. 17) and against Stephen R. Hill and Victorio E. Castillo (docket no. 22). After careful consideration, Plaintiff's motions are GRANTED.

## Background

Plaintiff First National Bank of Pennsylvania filed its complaint on February 15, 2019, alleging Defendants Oceanic Protective Services, LLC ("Oceanic"), Stephen Hill, and Victorio Castillo defaulted on two promissory notes. Docket no. 1.

On September 30, 2015, Oceanic executed Small Business Administration Notes of $510,000 ("Note 1") and $75,000 ("Note 2") and delivered them to a predecessor to Plaintiff, Yadkin Bank.[1] *Id.* at 3. The same day, Hill and Castillo each executed agreements unconditionally guaranteeing payment of both notes, rendering themselves jointly and

---
[1] Plaintiff became the owner and holder of the note upon its merger with Yadkin Bank on March 11, 2017. Docket no. 1 at 4.

1

severally liable for the obligation. *Id.* at 4. Plaintiff alleges Defendants last made the required monthly payments on January 30, 2018, and on July 24, 2018, Plaintiff notified Defendants of their defaults. *Id.* at 7. This Default Notice informed Defendants that Plaintiff was accelerating the amounts owed under the notes. *Id.* Plaintiff alleges Defendants have not paid and now owe $476,461.51 on Note 1 and $67,517.39 on Note 2. *Id.* at 8.

Plaintiff brings claims for breach of contract against Oceanic and guarantors Hill and Castillo. On February 27, 2019, Plaintiff filed a return of service indicating Oceanic was served, docket no. 9, and after Oceanic did not answer or otherwise respond the Court ordered Plaintiff to move for entry of default and default judgment, docket no. 10. Plaintiff moved for entry of default against Oceanic, docket no. 11, and then for default judgment, docket no. 17.

As to Hill and Castillo, Plaintiff filed a motion for substituted service after eight unsuccessful attempts to serve these defendants. Docket no. 12. This motion included a known residence at which Plaintiff believed Hill and Castillo could be found. *Id.* The Court granted this motion and ordered that the summons be left with anyone over the age of 16 at this address and that a copy be mailed First Class to this address. Docket no. 13. Plaintiff filed returns of service for Hill and Castillo, docket nos. 14, 15, and moved for entry of default, docket no. 18. Plaintiff then moved for default judgment against Hill and Castillo. Docket no. 22.

**Legal Standard**

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." However, in

considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. The Court examines each in turn.

## Analysis

### I. Jurisdiction

When a party is seeking entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Federal courts have subject matter jurisdiction over any civil action that involves a question of federal law, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

A corporation is a citizen of its state of incorporation and the state where its principal place of business is located, 28 U.S.C. § 1332(c)(1), and a natural person is a citizen of the state where the person is domiciled. The citizenship of an LLC, however, depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the

same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.").

In this case, the amount in controversy requirement is clearly met, and Plaintiffs allege that there is diversity of citizenship. Plaintiff alleges that Oceanic's sole members are Hill and Castillo, both Texas residents, while Plaintiff is a citizen of Pennsylvania. Docket no. 1 at 2. Thus, the Court concludes that Plaintiff has provided a sufficient basis for subject-matter jurisdiction.

Further, the Court has personal jurisdiction because Defendants are Texas residents. Finally, Oceanic was properly served. As to service of Hill and Castillo, Plaintiff sought and was granted substituted service, which is allowed under Texas law on motion supported by proper affidavit. *See* TEX. R. CIV. P. 106(b). Thus, on this record it appears Defendants were properly served under Texas law.

**II. Liability**

Next the Court considers whether the well-pleaded allegations in Plaintiff's complaint establish liability if deemed admitted. When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). While such allegations are presumed to be true, "a defendant's default does not in itself warrant the court in entering a default judgment. [Rather, t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In other words, the court must determine whether the well-pleaded facts state a claim

4

upon which relief may be granted. In sum, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action[,] and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x. 860, 863 (11th Cir. 2007) (applying Texas law).

Plaintiff's sole causes of action are for breach of contract. Plaintiff alleges Oceanic breached its obligations under Note 1 (Count 1) and Note 2 (Count 2) and alleges Hill and Castillo breached their obligations under their guarantees (Count 3). Under Texas law, a claim for breach of contract requires that the following elements are satisfied: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.).

Here, Plaintiff sufficiently alleges the existence of the contracts and its status of the owner and holder of the subject notes. As to Oceanic, Plaintiff alleges that, despite a demand that Oceanic cure its default, Oceanic did not do so. As to Hill and Castillo, Plaintiff alleges that, despite their agreement to unconditionally guarantee full payment of the notes, Hill and Castillo did not cure Oceanic's default and are thus jointly and severally liable. Plaintiff alleges these breaches have caused damages in the amount of unpaid principal and interest owed on the notes. These allegations, taken as true, make out claims for breach of contract.

**III. Damages**

Plaintiff seeks a sum certain and thus the damages can be determined without a hearing. In addition, Plaintiff seeks the same amount and kinds of damages sought in the

5

complaint. When a court awards damages to a plaintiff in a default judgment case, the amount "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Here, Plaintiff seeks $554,286.06, which include principal, interest,[2] and all applicable penalties and fees as determined in the contracts. The Court finds this amount proper.

In all federal court proceedings, however, the post-judgment interest rate is determined at the federal rate. *Travelers Ins. Co. v. Liljebert Enters.*, 7 F.3d 1203, 1209 (5th Cir. 1993) ("The majority of the circuits have held that the federal post-judgment interest statute, 28 U.S.C. § 1961, applies to 'any judgment in a civil case recovered in a district court, . . . including actions based on diversity of citizenship.'"). Thus, while Plaintiff seeks post-judgment interest of $114.52 per day, the Court will instead award post-judgment interest of 2.34 percent.

### IV. Attorney's Fees

Finally, Plaintiff seeks attorney's fees. Plaintiff is entitled to fees under the notes and because its claim is for a written contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(7). Plaintiff submitted a declaration of counsel Frank Scaglione in support of its request for attorney's fees and costs. This declaration and the attached billing record enumerate the charges and the expenses incurred in detail. The court has reviewed the billing record and

---

[2] In Texas, "[d]amages awarded for breach of contract bear prejudgment interest." *Adams v. H & H Meat Prod., Inc.*, 41 S.W.3d 762, 780 (Tex. App.—Corpus Christi 2001, no pet.). "Prejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between accrual of the claim and the date of judgment." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., f/k/a Armada Supply Inc.*, 962 S.W.2d 507, 528 (Tex. 1998).

found it to be well-documented and the charges to be reasonable. Accordingly, Plaintiff is awarded $11,364.00 in attorney's fees and $1,135.04 in expenses.

**Conclusion**

Accordingly, Plaintiff's Motions for Default Judgment (docket nos. 17, 22) are GRANTED. Judgment shall issue separately according to Rule 58.

The Clerk is DIRECTED to close this case.

It is so ORDERED.

SIGNED this 31st day of May, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE